UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MAREDITH DRAKE, | § | |
| | § | |
| Plaintiff | § | |
| | § | CAUSE OF ACTION: 1:20-cv-00956 |
| v. | § | |
| | § | |
| CITY OF AUSTIN and JOHN DOE, | § | |
| | § | |
| Defendants | § | |
| | § | |
| | § | |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiff Maredith Drake brings this 42 U.S.C. § 1983 case against the City of Austin and Austin Police Department Officer John Doe for the brutal and excessive force they inflicted on her as she was helping a severely injured person to an ambulance. Rather than help her get a wounded and unconscious young man emergency medical care, Officer Doe shot her as numerous other officers stood and watched.

### I. PARTIES

1. Plaintiff Maredith Drake is a resident of Travis County, Texas.

2. Defendant City of Austin, is a municipality that operates the Austin Police Department and may be served through its City Clerk at 301 W. 2nd Street, Austin, TX 78701. The City's policymaker for policing matters is Police Chief Brian Manley. *Service is hereby requested at this time.*

3. Defendant John Doe is a pseudonym for a police officer with the Austin Police Department, and he is sued in his individual capacity for compensatory and punitive damages. After identification, he can be served with process at 715 E. 8th Street, Austin, Texas, 78701. At

all relevant times, John Doe was acting under color of law as an Austin Police Department officer.[1] Austin Police Department Chief of Police, Brian Manley, is his ultimate supervisor, and the City's policy maker for law enforcement issues.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this 42 U.S.C. § 1983 action pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1) as all relevant events occurred in this division, and all Defendants reside in this state.

## III. FACTS

6. Following the police killings of George Floyd in Minneapolis and Mike Ramos in Austin, demonstrators organized protests against police brutality outside the headquarters of the Austin Police Department on May 30 and on May 31, 2020.

7. Plaintiff Drake attended both demonstrations to lend her voice to the chorus demonstrating against police violence.

8. More particularly, Drake volunteered to serve as a civilian "street medic," to provide assistance to demonstrators who suffered heat exhaustion or other injuries, and required first aid.

9. On May 30, 2020, APD had overreacted numerous times and used chilling, excessive force on multiple individuals. Among others, APD's victims included Jason Gallagher, Saraneka Martin, Levi Ayala, and Bomani Barton.

10. Plaintiff Drake personally assisted numerous people who had been injured by APD, including several who had suffered head injuries from projectiles fired by APD on May

---

[1] Plaintiff requires discovery to identify Defendants Doe's true name.

30, 2020. Rather than correct this unconstitutional behavior, Chief Manley and his senior leadership at APD continued to have officers fire beanbag rounds into crowds from unsafe distances and commit excessive force and first amendment violations.

11. On May 31, 2020, Drake returned to be of assistance to anyone that was harmed or fell ill. Later that evening, she was stationed outside Austin Police Department headquarters with numerous protestors – many of whom were college students. Plaintiff wore a helmet adorned with crosses on the front and back and a shirt with a red cross on it to clearly identify her as a "street medic."

12. Drake again saw APD officers fire projectiles into the crowd and hit numerous defenseless individuals.

13. One of the many individuals APD shot was Justin Howell, a twenty-year-old African-American student who had done nothing wrong and was merely exercising his well-established First Amendment rights.

14. Plaintiff rushed with several others to help Justin Howell, who lay bleeding from a serious head wound from being shot in the head with a projectile fired by an APD officer.

15. Plaintiff asked several APD officers to help the injured young man. They refused and instead told Plaintiff to bring the injured young man forward.

16. Plaintiff explained to the APD officers that Justin Howell was seriously injured and suffering seizures.

17. Yet, the APD officers still offered no assistance. Rather, they again told her to bring Howell forward.

18. Drake did exactly that. Drake led the way while several other members of the crowd lifted Howell's limp body and began carrying him toward the line of APD officers to get him desperately needed medical attention.

19. Drake had her hands up and was in front of the group holding Justin Howell. She was a threat to no one.

20. Drake posed no danger whatsoever to anyone.

21. Despite this, Austin Police Department officer John Doe shot her with a bean bag shotgun.

22. Had her hands not been up, the shot might have killed her or rendered her brain damaged.

23. Upon information and belief, when Doe shot Drake, he was substantially motivated by his opposition to the demonstrators' message that police violence must end.

24. The shot severely damaged Drake's hands.

25. It also caused Drake to suffer significant pain, mental anguish, impairment, injury, and disfigurement.

26. Doe's attack on Drake (*i.e.* – shooting her with a bean bag round) was unreasonable.

27. Moreover, the attack would chill a person of ordinary firmness from continuing to engage in protected speech and assembly.

28. Numerous APD officers watched Doe shoot Drake, but not one officer intervened to stop the outrageous conduct.

29. After she was shot, Drake asked APD officers to help her. They did not. Rather, the APD officers told her to get back and, upon information and belief, several laughed out loud at her.

30. Upon information and belief, Doe has not been disciplined by APD for illegally using violence against Drake or causing additional pain to Howell. Likewise, upon information and belief, neither Chief Manley nor any of Doe's supervisors have been disciplined for tolerating, authorizing, or endorsing this type of despicable and unconstitutional conduct.

31. This lack of discipline as to senior leaders and Manley himself is all the more shocking as Chief Manley agrees that Plaintiff Drake and Justin Howell were victims of excessive force by APD officers.

32. APD Chief of Police, Brian Manley, adopted policies that authorized or tolerated this unreasonable, unnecessary and brutally excessive force even though Chief Manley had long known of the dangers of firing projectiles into crowds and at defenseless persons, and was actually aware that bean bag rounds fired from shotguns had been unreasonably used multiple times on May 30, 2020 and multiple times again on May 31, 2020 prior to the attack on Drake. Despite this, Austin Police Department policies – and Manley – authorized their continued use.

33. Chief Manley knew, as any reasonable policymaker capable of rational thought would also know, that as a direct consequence of such practices, innocent people like Plaintiff would be injured and victimized, and their constitutional rights violated.

34. And, in fact, numerous other people suffered severe and devastating injuries as a result of APD's practices and excessive force on May 30, 2020 and May 31, 2020.

35. According to Dell Medical Center's physicians, seven victims required surgical interventions and four victims retained beanbags in their bodies/heads.

36. More particularly, victims suffered intercranial hemorrhages, depressed skull fractures, depressed frontal bone fracture, fractured jaws and brain damage.

37. After ignoring the pattern of excessive force that preceded the attack on Drake for several more days, multiple members of the City Council called for Manley to be removed as APD's Chief of Police.

38. Following the calls to remove him, Chief Manley acknowledged the obvious, the policies at Austin Police Department were dangerously flawed and he agreed to change them – a change any reasonable policymaker should have known to have made prior to Plaintiff being shot.

### IV. Causes of Action

#### A. Fourth and Fourteenth Amendment Excessive Force – as to Defendant John Doe

39. Plaintiff incorporates the preceding paragraphs as if alleged herein.

40. Austin Police Department Officer John Doe, while acting under color of law, used excessive force on Maredith Drake when she posed no danger to anyone, was cooperating with the police, and was attempting to help a severely injured person to safety.

41. Austin Police Department Officer John Doe's use of force was wholly excessive to any conceivable need, objectively unreasonable in light of clearly established law, and directly caused Plaintiff Drake to suffer serious injuries. Therefore, Austin Police Department Officer John Doe violated Drake's clearly established Fourth Amendment right to be free from excessive force and unreasonable seizure.

42. As a direct and proximate result of Austin Police Department Officer John Doe's actions, Drake suffered and continues to suffer significant injuries.

43. Drake brings this claim pursuant to 42 U.S.C. § 1983.

**B. FIRST AMENDMENT RETALIATION – AS TO DEFENDANT JOHN DOE**

44. Plaintiff incorporates the preceding paragraphs as if alleged herein.

45. The First Amendment's protections for free speech and assembly prohibit agents of the government from subjecting an individual, like Drake, to retaliation for engaging in protected speech rights.

46. Drake exercised her free speech and assembly rights by attending the demonstration against police violence.

47. Upon information and belief, Doe's use of force against Drake was substantially motivated by his disagreement with the content of Drake's speech. Upon information and belief, Doe shot Drake with the beanbag shotgun substantially because Doe disagreed with Drake's right to assemble and/or her protected speech.

48. Drake brings this claim pursuant to 42 U.S.C. § 1983.

**C. PUNITIVE/EXEMPLARY DAMAGES – AS TO DEFENDANT JOHN DOE**

49. Plaintiff incorporates the preceding paragraphs as if alleged herein.

50. Defendant's conduct was egregious, reckless, and endangered countless community members, Plaintiff seeks punitive damages as well to deter future uses of such excessive force.

**D. FIRST, FOURTH AND FOURTEENTH AMENDMENT § 1983 *MONELL* CLAIM – AS TO DEFENDANT CITY OF AUSTIN ONLY**

51. Plaintiff incorporates the preceding paragraphs as if alleged herein.

52. The City of Austin, had the following policies, practices, or customs in place when Defendant Austin Police officer John Doe shot and injured Plaintiff Drake:

    a. Shooting kinetic projectiles into crowds where innocent people could be injured;

b. Using, authorizing, and/or tolerating excessive force against non-violent protestors;

c. Failing to adequately discipline officers;

d. Failing to adequately supervise officers;

e. Failing to adequately train officers concerning de-escalation of force, crowd control, use of force against non-violent protestors, and the use of kinetic projectiles and the dangers associated therein;

f. Failing to train officers regarding demonstrators' free speech and assembly rights;

g. Not intervening to stop constitutional violations, including excessive force; and

h. Failing to train or instruct officers about specific incidents it considers unreasonable, excessive force, or in violation of the Constitution.

53. Each of the policies, practices, or customs delineated above was actually known, constructively known and/or ratified by City of Austin and its policymaker for law enforcement purposes, Chief of Police, Brian Manley, and was promulgated with deliberate indifference to Drake's First, Fourth and Fourteenth Amendment rights under the United States Constitution. Moreover, the known and obvious consequence of these policies, practices, or customs was that Austin Police Department officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of law, would result.

54. Consequently, the policies and conduct delineated above were a moving force of Plaintiff's constitutional deprivations and injuries, and proximately caused severe damages.

55. Moreover, Chief Manley and senior level APD superiors knew that multiple officers had violated individuals' right to speech and assembly, and had used excessive force at the protests the day before and earlier on May 31. As a consequence of them not stopping the abusive tactics, they caused numerous people to suffer serious injuries. Rather, they condoned

and ratified it until public opinion and multiple calls for his removal caused Manley to reverse the City's indefensible position – far too late for the many individuals that needlessly suffered serious injuries. Accordingly, the City is also liable directly for its policymakers' misconduct and failure to adequately supervise, train, and stop APD officers from using excessive force and violating protestors' first amendment rights, which was a proximate cause of Plaintiff's deprivation of rights and injuries.

56. Plaintiff Drake brings this claim pursuant to 42 U.S.C. § 1983.

## V. DAMAGES

57. Plaintiff Drake seeks the following damages:

   a. Past and future medical expenses;

   b. Past and future economic damages, including (but not limited to) loss of earning capacity;

   c. Past and future physical pain and mental anguish;

   d. Past and future impairment;

   e. Past and future disfigurement;

   f. Loss of consortium and;

   g. Attorneys' fees pursuant to 42 U.S.C. § 1988.

## VI. JURY DEMAND

58. Pursuant to Federal Rule of Civil Procedure 48, Plaintiff hereby requests a jury trial.

## VII. PRAYER FOR RELIEF

59. To right this injustice, Plaintiff requests the Court:

   a. Award compensatory damages against the City of Austin, and compensatory and punitive damages against Doe;

b. Award Plaintiff costs and fees, including but not limited to expert fees and attorneys' fees, pursuant to 42 U.S.C. § 1988;

c. Award pre-judgment and post-judgment interest at the highest rate allowable under the law; and,
d. Award and grant such other just relief as the Court deems proper.

Dated: September 16, 2020.

Respectfully submitted,

**EDWARDS LAW**
1101 East 11th Street
Tel. 512-623-7727
Fax. 512-623-7729

By     /s/ Jeff Edwards
    JEFF EDWARDS
    State Bar No. 24014406
    jeff@edwards-law.com
    SCOTT MEDLOCK
    State Bar No. 24044783
    scott@edwards-law.com

**ATTORNEYS FOR PLAINTIFF**
