**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MAREDITH DRAKE** <br> *Plaintiff* <br><br> v. <br><br> **CITY OF AUSTIN AND JOHN DOE,** <br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 1:20-CV-000956-RP |

**DEFENDANT CITY OF AUSTIN'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Austin files this Answer and Affirmative Defenses to Plaintiffs' Original Complaint (Doc. No. 1). Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant respectfully shows the Court the following:

**ORIGINAL ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to each of the specific averments in Plaintiffs' First Amended Complaint as set forth below. To the extent that Defendant does not address a specific averment made by Plaintiffs, Defendant expressly denies that averment.[1]

This Defendant denies the allegations contained in the first unnumbered paragraph in Plaintiff's Original Complaint.

**PARTIES**

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1.

2. Defendant admits the allegations contained in Paragraph 2.

---

[1] Paragraph numbers in Defendant's Answer correspond to the paragraphs in Plaintiffs' Original Complaint.

3. Defendant admits that Chief of Police Brian Manley is a policy maker for Austin Police Department but is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and therefore denies the same.

## JURISDICTION AND VENUE

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

## FACTS

6. Defendant admits the allegations contained in Paragraph 6.

7. Upon information and belief, Defendant admits the allegations contained in Paragraph 7.

8. Upon information and belief, Defendant admits the allegations in Paragraph 8.

9. Defendant admits that Saraneka Martin, Levi Ayala and Bomani Barton reported injuries that occurred on May 30, 2020.  Defendant denies the remaining allegations in Paragraph

10. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 10 of the Complaint and therefore denies same. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff was stationed outside of Austin Police Department headquarters on May 31, 2020 and wore a helmet that identified her as a street medic. Defendant
is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and therefore denies same.

12. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of the Original Complaint and therefore denies same.

13. Defendant admits that Justin Howell was struck with a less than lethal munition on May

31, 2020. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of the Original Complaint and therefore denies same.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Original Complaint and therefore denies same.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Original Complaint and therefore denies the same.

17. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Original Complaint and therefore denies the same.

18. Upon information and belief, Drake stood in front of individuals who were transporting Justin Howell toward APD Officers. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Original Complaint and therefore denies same.

19. Defendant admits that at one point in the video, Plaintiff's hands are raised over her head but Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Original Complaint and therefore denies same.

20. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Original Complaint and therefore denies same.

21. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of the Original Complaint and therefore denies same.

22. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of the Original Complaint and therefore denies same.

23. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of the Original Complaint and therefore denies same.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of the Original Complaint and therefore denies same.

25. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of the Original Complaint and therefore denies same.

26. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 26 of the Original Complaint and therefore denies same.

27. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 27 of the Original Complaint and therefore denies same.

28. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 of the Original Complaint and therefore denies same.

29. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 29 of the Original Complaint and therefore denies same.

30. Defendant admits that to date, no officer has received discipline as defined by Chapter 143 of the Local Government Code as a result conduct during the protests on May 30 and 31, 2020.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies same.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore denies same.

37. Defendant admits that four members of the Austin City Council publicly asked Police Chief Brian Manley to consider resigning from his position and denies the remaining allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

## CAUSES OF ACTION

39. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

40. The allegations contained in Paragraph 40 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

41. The allegations contained in Paragraph 41 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

42. The allegations contained in Paragraph 42 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

43. Paragraph 43 is a statement of the statutory basis for the suit and does not contain allegations that require Defendant to admit or deny.

44. Defendant incorporates its responses to the previous allegations contained in the Original

Complaint.

45. The allegations contained in Paragraph 45 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

47. The allegations contained in Paragraph 47 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

48. Paragraph 48 is a statement of the statutory basis for the suit and does not contain allegations that require Defendant to admit or deny.

49. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

50. The allegations contained in Paragraph 50 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

51. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

56.     Paragraph 56 is a statement of the statutory basis for the suit and does not contain allegations that require Defendant to admit or deny.

## DAMAGES

57.     Defendant denies the allegations contained in Paragraph 57 of the Original Complaint and denies Plaintiff is entitled to the relief requested.

## JURY DEMAND

58.     Paragraph 58 is a request for a trial by jury and does not contain allegations that require Defendant to admit or deny.

## PRAYER FOR RELIEF

59.     Defendant denies Plaintiff is entitled to the requested relief in Paragraph 59 of the Original Complaint.

## AFFIRMATIVE DEFENSES

1.     Defendant City of Austin asserts the affirmative defense of governmental immunity as a municipal corporation entitled to immunity while acting in the performance of its governmental functions, absent express waiver.

2.     Defendant City of Austin asserts the affirmative defense of governmental immunity since its employees are entitled to qualified/official immunity for actions taken in the course and scope of their employment, absent express waiver.

3.     As a political subdivision, Defendant City of Austin denies that it can be liable for exemplary/punitive damages under 42 U.S.C. § 1983.

4.     Defendant reserves the right to assert additional affirmative defenses throughout the development of the case.

## DEFENDANT'S PRAYER

Defendant City of Austin prays that all relief requested by Plaintiff be denied, that the Court dismiss this case with prejudice, and that the Court award Defendant costs and attorney's fees, and any additional relief to which it is entitled under law or equity.

RESPECTFULLY SUBMITTED,
ANNE L. MORGAN, CITY ATTORNEY
MEGHAN RILEY, CHIEF, LITIGATION
 /s/   H. Gray Laird
H. GRAY LAIRD III
State Bar No. 24087054
gray.laird@austintexas.gov
City of Austin
P. O. Box 1546
Austin, Texas  78767-1546
Telephone (512) 974-1342
Facsimile (512) 974-1311

**ATTORNEYS FOR DEFENDANT CITY OF AUSTIN**

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of November, 2020, I served a copy of *Defendant City of Austin's Answer and Affirmative Defenses to Plaintiff's Original Complaint* on all parties, by and through their attorney of record, in compliance with the Federal Rules of Civil Procedure.

**Via CM/ECF:**

Jeff Edwards
EDWARDS LAW
State Bar No. 24014406
jeff@edwards-law.com
Scott Medlock
State Bar No. 24044783
scott@edwards-law.com
1101 East 11th Street
Telephone: (512) 623-7727
Fax: (512) 623-7729
**ATTORNEYS FOR PLAINTIFF**

/s/ H. Gray Laird